Ex Parte Sánchez.

Appeal from the District Court of Humacao.

No. 245.—Decided April 30, 1908.

Property of Minors—Judicial Authorization to Sell the Same.—Where a hearing is had upon an application for judicial authority to sell the property of minors, and the court decides that the value of the property is greater than that stated in the petition, as shown by witnesses, additional evidence cannot be introduced to rebut that already heard, but the case must be presented anew.

ID.—CONTRADICTORY EVIDENCE IN REGARD TO THE VALUE OF THE PROPERTY.—Where a judgment denies an application for judicial authority to sell the property of minors on the ground that the evidence is contradictory and shows that the property is of greater value than that stated in the petition, the judgment must be affirmed because it is in accordance with law.

ID.—QUALIFICATION OF WITNESSES TO TESTIFY AS TO THE VALUE OF PROPERTY— APPOINTMENT OF EXPERTS.—In cases of this nature the witnesses introduced to testify as to the value of the property of minors must show that they have some knowledge of land values, and that they are acquainted with the property sought to be sold. In cases of doubt as to the value of the property, the court must appoint an expert or experts to report as to the price of the land.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The proceedings in this case were taken under Title V of the law of Special Proceedings, laws of 1905, pp. 155-156. The petitioner made an application to the District Court of Humacao for permission to sell the property of her minor children. The petition is as follows:

"María Sánchez Cabellero, widow of Campos, through her attorney, José de Guzmán Benítez, appears before the court and sets forth:

"That the petitioner and her minor children Juana, Antonio, Gloria, Antonia, Angela, Adolfo y José Campos Sánchez, of an age so that they are under her *patria potestas* are owners in common of an undivided interest in a farm the description of which is as follows:

" 'Farm land consisting of 275 *cuerdas,* more or less, suitable for pasture and smaller fruits, situated in the wards of Cabañon y Cañabonaito of the jurisdiction of Caguas, with a dwelling house, huts, and a furnace for making lime. It is bounded on the north by Don Federico Díaz, Simona Díaz, Don José Fernández, Sucesion Guarch y Ríos, Victoriano Román, Pedro López, Trinidad Baldorioty, Esteban López, Mariana López; on the south, Don Luciano Santos, Mariana López, Vicente Santos, Deogracias Rivera, Sucesion de Don Pedro Pablo Grillo, Isabel Grillo Ramírez; on the east, Dona Brigida Díaz y Mariana López; and on the west, Juan García, Antonio Román y José Fernández.'

"That the owners in common acquired said *finca* of their privy Silverio Campos y Marina as appears from the deed of partition of the inherited estate, made in Caguas on the 22d of December, 1905,

before the Notary Don Rafael Arce y Rollet; a share of $431 belongs absolutely to María Sánchez Cabellero and a share of $306.97 to each one of her children, the land being assessed at $3,000—in other words, in the proportion of one and twenty-two hundredths parts of one-eighth to each of the children and one and forty-six hundredths parts of one-eighth to the mother with respect to the total value of the land.

"That Sebastian Tarazona, resident of Caguas, has leased the foregoing property paying the monthly rent of $30; which amount, and an insignificant income for the rent of two small wooden houses, are the only receipts upon which your petitioner may rely for her support and that of her family.

"That needing to give an education and a favorable start to her children and for that purpose and the best facilities the petitioner has moved to San Juan; but although living economically the small rent which she gets is insufficient to fulfill such sacred duties.

"That the petitioner has received propositions of purchase of the said land which she hopes to sell for the minimum sum of $8,000, which amount may be placed with good security in the city of San Juan assuring a rent which would never be less than $60 or double what the land now brings.

"That the utility and the necessity of this sale are justified by the absolute necessity which the petitioner has to decorously maintain her numerous family and educate her children which cannot now be accomplished and by the benefit by the increase in the sale, precuniary returns upon which she relies to live.

"That the certificate of the treasurer accompanies the petition in which it is stated that the land is assessed at $5,325, for taxing purposes. The petitioner will justify at the time of trial by oral and written evidence the objects alleged.

"She prays of the court to please grant her the judicial authorization to sell the shares of her minor children in the land before described with the condition, the minimum price for the sale be fixed at $8,000.

The application went to a hearing in the court below and the judge there was of the opinion that the value of the land as shown by the witnesses was in excess of the value of $30 an acre and that the minimum price fixed by the petitioner was too low. The petitioner offered to bring additional proof but

the court rejected such offer and ordered the petitioner to begin anew.

We quite agree with the court below that the case should be presented anew. From the statement of the case it appears that the attorney José Martínez took the witness stand and contradicted the testimony of petitioner's other witnesses that the land was good for sugar purposes and said that they only knew a part of the property. Indeed it was not evident from their testimony that either they or said Martínez were very familiar with the value of the land in question, even if they had any knowledge of land values. From whatever source they derived their knowledge it was certain that they beleived the land to be worth more than $30 an acre. We think the court was justified in refusing to grant the petition if there were any question of the property being good for sugar, as the value of such land in most parts of the Island is considerably in excess of the minimum price per acre suggested by the petitioner or the witnesses. There is something more. When judicial authorization is sought for the sale of minor's property the witnesses who are presented should be shown to have some knowledge of land values as well as some more or less intimate acquaintances with the land sought to be sold. In cases of doubt we should think that an expert might be named by the court to investigate the value of the land, especially as the law itself requires that a minimum price should be fixed by the court. Here there was no familiarity with land values in the neighborhood of Bayamón. The court committed no error in refusing to decide the sale and the order appealed from must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.